IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PRIDE MOBILITY PRODUCTS CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>PERMOBIL, INC.<br><br>　　　　Defendant.<br><hr>PERMOBIL, INC.<br><br>　　　　Counterclaimant,<br><br>　　　　v.<br><br>PRIDE MOBILITY PRODUCTS CORPORATION,<br><br>　　　　Counterdefendant. | Civil Action No. 2:13-CV-01999-LDD |

**JOINT DISCOVERY PLAN PURSUANT TO RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

　　　　Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel for plaintiff Pride Mobility Products Corporation ("Pride Mobility") and defendant Permobil, Inc. ("Permobil") held a conference on June 26, 2013. The parties hereby provide a joint discovery plan pursuant to Rule 26(f) of the Federal Rules of Civil Procedure.

　　　　During the conference, Permobil's counsel stated that Permobil intended to file petitions for *inter partes* review ("IPR") of Pride Mobility's asserted patents with the United States Patent and Trademark Office ("PTO"), and to move this Court for a stay of this case pending ultimate resolution of such PTO review, including any appeals or expirations of time to appeal. The next day, on June 27, 2013, Pride Mobility's counsel informed Permobil's counsel that Pride Mobility

would oppose Permobil's motion to stay. Pride Mobility also served its First Set of Interrogatories and First Set of Requests For Production of Documents and Things on Permobil. On July 1, 2013, Permobil filed petitions for IPR of Pride Mobility's U.S. Patent Nos. 8,408,343 ("343 Patent") and 8,408,598 ("598 Patent") with the PTO, and on July 2, a motion to stay this case pending the PTO's ultimate resolution of the IPR proceedings, including any appeals or expirations of time to appeal ("Motion to Stay").[1] In the Motion to Stay, Permobil requested a protective order for a stay of discovery pending the Court's resolution of Permobil's Motion to Stay. Specifically, Permobil requested that the Court enter a protective order: (1) temporarily relieving Permobil of its obligation to respond to Pride Mobility's outstanding written discovery; and (2) preventing any further discovery. In the event that the Court denies Permobil's Motion to Stay, Permobil asked that Permobil be given thirty (30) days from the date of the Court's order denying Permobil's Motion to Stay to respond to any outstanding discovery requests.

For reasons that will be laid out fully in its opposition papers, Pride Mobility opposes Permobil's Motion to Stay and its request for a protective order delaying discovery. Pride Mobility contends the following: (i) In each of Permobil's IPR petitions, Permobil relies on six prior-art references; (ii) But five of these references already have been fully considered by the PTO in granting the 343 and 598 Patents; (iii) The sixth reference – the Hosino reference – is a

---

[1] Permobil has addressed the merits of its Motion to Stay in its motion and supporting documentation. (*See* Dkt. No. 16.) However, in response to Pride Mobility's assertion that Permobil's IPR petitions are allegedly without merit because five of the references were "fully considered by the PTO in granting the 343 and 598 Patents," the mere fact that these references were considered by the PTO does *not* mean that the PTO will not grant Permobil's IPR petitions. For example, regarding Pride Mobility's U.S. Patent No. 8,181,992 (the "'992 Patent"), which Pride asserts in the parties' related Case No. 2:12-cv-03931-LDD before this Court, Permobil relied, along with another reference, on three references in its request for *inter partes* reexamination of the '992 Patent that had been considered by the PTO during prosecution. The PTO not only granted Permobil's request for reexamination of the '992 Patent, but also rejected all of the claims and issued an action closing the prosecution.

secondary reference disclosing, at least in relevant part, no more than the other references Permobil's petitions rely upon; and (iv) Permobil's attempt to delay this case and continue with its willful infringement based on a rehash of prior art that the PTO recently considered should be rejected.

1.  **Initial Disclosures (Rule 26(f)(3)(A))**

The parties agree that no changes are needed in the form or requirements for disclosures under Rule 26(a). In the event that the Court denies Permobil's motion for a stay of this case, the parties agree that disclosures under Rule 26(a) will be made within 14 days of the date of the Court's denial.

2.  **Discovery and Scheduling (Rule 26(f)(3)(B))**

The parties currently anticipate that discovery may be needed on subject matters relating to the claims and defenses of the parties including, for example, materials related to U.S. Patent Nos. 8,408,343 and 8,408,598, prior art, accused products, sales and marketing information, and other matters that may arise during the course of discovery.

Although the Court may grant Permobil's Motion to Stay, which would render a discovery schedule premature at this time, in the event that the Court denies Permobil's Motion to Stay, the parties propose the following as an alternative schedule:

| Event | Plaintiff's proposal | Defendant's proposal |
| --- | --- | --- |
| Rule 26(a)(1) Initial Disclosures | 14 days after Court's denial of Permobil's Motion to Stay | |
| Deadline for motions to amend the pleadings, including joinder of additional parties | 8/30/2013 | 4 months after Court's denial of Permobil's Motion to Stay |

| | | |
|---|---|---|
| Both parties exchange lists of claim terms proposed for construction by the Court | 1/10/2014 | 5 months after Court's denial of Permobil's Motion to Stay |
| Both parties exchange proposed constructions for claim terms | 1/24/2014 | 2 weeks after both parties exchange lists of claim terms proposed for construction by the Court |
| Close of fact discovery (all discovery shall be initiated so as to be completed on or before this date) | 2/14/2014 | 6 months after both parties exchange proposed constructions for claim terms |
| Disclosure of expert testimony pursuant to Fed.R.Civ.P. 26(a)(2)(A) and (B) from the party with the burden of proof on an issue | 3/7/2014 | 2 months after close of fact discovery |
| Disclosure of rebuttal expert testimony pursuant to Fed.R.Civ.P. 26(a)(2)(A) and (B) | 3/28/2014 | 6 weeks after disclosure of expert testimony pursuant to Fed.R.Civ.P. 26(a)(2)(A) and (B) from the party with the burden of proof on an issue |
| Close of expert discovery | 4/18/2014 | 2 months after disclosure of rebuttal expert testimony pursuant to Fed.R.Civ.P. 26(a)(2)(A) and (B) |
| Both parties submit opening claim construction briefs | 5/9/2014 | 1 month after close of expert discovery |

| | | |
|---|---|---|
| Both parties submit opposition claim construction briefs | 5/30/2014 | 1 month after both parties submit opening claim construction briefs |
| Claim construction hearing | Date to be set by the Court ||
| Deadline for filing dispositive motions | | 60 days after Court's ruling on claim construction |
| Hearing on dispositive motions | Date to be set by the Court ||
| Deadline to file proposed pretrial memoranda pursuant to Local Rule 16.1(c) and final pretrial order pursuant to, and other items required by, Local Rule 16.1(d) | 9/15/2014 | 60 days after Court's ruling on dispositive motions |

Pride Mobility proposes an 18-month schedule from Complaint to finalizing trial preparations.  Pride Mobility contends the following: (i) Patent-infringement cases are typically only as complicated as the underlying technology, and the technology underlying this case involving power wheelchairs is largely mechanical; (ii) This mechanical technology is not as complicated as, for example, software, and yet Courts often try complicated software cases more quickly than Permobil's proffered schedule; and (iii) Pride Mobility's 18-month schedule provides ample time for discovery while Permobil's schedule appears to push trial out at least six months longer, adding nothing but unnecessary delay and expense.

Defendant Permobil's position is that discovery should be stayed pursuant to Fed R. Civ. P. 26(c) until after the Court rules on its Motion to Stay, filed on July 1, 2013.  Defendant submits that discovery prior to resolution of its Motion to Stay would prematurely, and perhaps unnecessarily, consume the parties' and the Court's resources.  If the Court denies Permobil's

Motion to Stay, then Permobil asks that the Court's order denying Permobil's motion to stay be the event that triggers the dates for the discovery plan, as set forth above in Defendant's proposal.

In addition, Permobil maintains that the complex nature of patent litigation requires more time between deadlines than Plaintiff Pride Mobility has proposed.  The anticipated volume of material, claim construction, and expert discovery in this case will require significant time for the parties to build their respective cases for trial.  For example, Permobil submits that more time for fact discovery, expert discovery, and time to respond to the opposing party's expert report(s) is particularly warranted.

3. **Electronically Stored Information (Rule 26(f)(3)(C)**

*Form of production*: Except upon prior agreement for documents not readily amenable, the parties will produce documents as TIFF images with data extraction (*e.g.*, .DAT load files).

*E-mail and e-discovery*: The parties agree to be bound by the Federal Circuit Bar Association's Model Order Regarding E-Discovery in Patent Cases starting at the sixth page of the document found at:

http://memberconnections.com/olc/filelib/LVFC/cpages/9008/Library/Ediscovery%20Model%20Order.pdf.

4. **Claims of Privilege or Attorney Work Product (Rule 26(f)(3)(D))**

The parties agree that inadvertent production of privileged material will not constitute waiver of the privilege.  This agreement will be memorialized in the parties' proposed stipulated protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

The parties further agree that they need not identify on a privilege log material or information created on or after July 11, 2012 that are protected from discovery by the attorney-client privilege or any other privilege or immunity.

     5.     **Changes to Limitations On Discovery (Rule 26(f)(3)(E))**

Each expert that submits an opening and/or responsive expert report will be made available for a single, seven (7) hour deposition per report. To the extent that either party relies upon expert testimony (including live testimony or by declaration) in connection with the claim construction briefs and/or hearing, that party shall serve on the opposing party a written report concerning the subject matter of the testimony in accordance with Fed. R. Civ. P. 26(a)(2)(B) at the time of its opening claim construction brief (and the opposing party may serve a responsive report at the time of its opposition claim construction brief), in which case each such expert shall be made available before the hearing, or in the case of an opening claim construction brief, at least 10 business days before the opposition brief is due, for an additional deposition limited to claim construction issues.

     6.     **Other Orders (Rule 26(f)(3)(F))**

The parties anticipate that confidential materials will be exchanged during the course of discovery, and will negotiate the terms for a suitable protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. The parties further agree that until a protective order is entered, disclosure of materials deemed confidential by the producing party shall be limited to members and employees of the firm of outside trial counsel who have entered an appearance and, where appropriate, have been admitted pro hac vice.

7. **Service**

The parties agree that service of all pleadings and other papers identified in Fed. R. Civ. P. 5(a) shall be via e-mail delivery, except that voluminous papers may be served via an FTP or similar transfer.  Except when the Court has prescribed a due date for a pleading or other paper, whenever a party must or may act within a prescribed period after service of a pleading or paper, three days shall be added after the prescribed period would otherwise expire under Fed. R. Civ. P. 6(a).

**8.     Miscellaneous**

This joint plan is based upon the parties' current understanding of the likely scope of discovery. Accordingly, both Pride Mobility and Permobil reserve the right to seek modification of any matter herein should the need arise.


Date:  July 2, 2013

| WOODCOCK WASHBURN LLP | CONRAD O'BRIEN P.C. |
|---|---|
| By: _/s/ (signature)_ | By: /s/ Anna Bonny Chauvet |
| Gary H. Levin (Pa. I.D. 23430)<br>Daniel J. Goettle (Pa. I.D. 85046)<br>Jake W. Soumis (Pa. I.D. 203557)<br>Cira Centre<br>2929 Arch Street, 12th Floor<br>Philadelphia, PA  19104-2891<br>Telephone:  (215) 568-3100<br>Facsimile:  (215) 568-3439<br>levin@woodcock.com<br>dgoettle@woodcock.com<br>jsoumis@woodcock.com<br><br>*Attorneys for Pride Mobility Products Corp.* | Nancy J. Gellman<br>1500 Market Street<br>Centre Square West Tower, Suite 3900<br>Philadelphia, PA 19102-2100<br>Telephone: (215) 864-9600<br>Facsimile: (215) 864-9620<br>ngellman@conradobrien.com<br><br>OF COUNSEL:<br>WILMER CUTLER PICKERING HALE<br>    AND DORR LLP<br>Amy K. Wigmore (Pro Hac Vice)<br>David L. Cavanaugh (Pro Hac Vice)<br>Anna Bonny Chauvet (Pro Hac Vice)<br>1875 Pennsylvania Avenue, NW<br>Washington, DC 20006<br>Telephone: 202-663-6000<br>amy.wigmore@wilmerhale.com<br>david.cavanaugh@wilmerhale.com<br>anna.chauvet@wilmerhale.com<br><br>*Attorneys for Permobil, Inc.* |