IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PRIDE MOBILITY PRODUCTS CORP. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 13-cv-01999 |
| PERMOBIL, INC. | : | |

ORDER

AND NOW, this 14th day of August 2013, upon consideration of Defendant's Motion to

Stay Litigation Pending Inter Partes Review of U.S. Patent Nos. 8,408,343 and 8,408,598 (Doc.

No. 16), and Plaintiff's Opposition thereto (Doc. No. 21), it is hereby ORDERED as follows:

1.  Defendant's motion to stay litigation pending the decisions of the United States
    Patent and Trademark Office ("PTO") as to whether to grant its petitions for inter
    partes review of U.S. Patent Nos. 8,408,343 ("the '343 patent") and 8,408,598
    ("the '598 patent") and the PTO's ultimate resolution of the inter partes review
    proceedings concerning these patents, including any appeal or expiration of time
    to appeal, (Doc. No. 16) is GRANTED.

2.  The parties are ORDERED to notify this Court when the PTO issues its initial
    decisions on whether to grant Defendant's petitions for inter partes review. The
    parties are further ORDERED to update this Court regarding the status of the inter
    partes review proceedings (1) every ninety (90) days, (2) upon the PTO's issuance
    of its final written decisions in such proceeding(s), and (3) should any request for
    rehearing be filed, upon the PTO's decision regarding any such request for
    rehearing. The parties are further ORDERED to coordinate their notification
    efforts to avoid filing duplicative notices with this Court.

3.  The Clerk of Court shall place this matter into civil suspense and mark it as closed
    for statistical purposes.

I.   Factual Background and Procedural History

On April 2, 2013, joint inventors John Puskar-Pasewicz and Kip D. Adler were granted a

patent for a "Powered Wheelchair Configuration and Related Methods of Use," U.S. Patent No.

8,408,343 ("the '343 patent"), by the United States Patent and Trademark Office ("PTO").

1

(Compl. ¶ 8, Doc. No. 1). Plaintiff Pride Mobility Products Corp. (Pride) has been assigned ownership of all right, title, and interest in and to the '343 patent, and has complied with federal marking and notice requirements. (Id. ¶¶ 8–9). Plaintiff alleges that Defendant Permobil, Inc. (Permobil), a direct competitor in the market to which Plaintiff's M300 and M400 chairs are directed, has not been granted an express or implied license under the '343 patent and has willfully infringed and continues to willfully infringe on its patent, thereby causing damage to Plaintiff's business. (Id. ¶¶ 11–13). Defendant denies these allegations. (See generally Def.'s Answer, Doc. No. 13).

Also on April 2, 2013, joint inventors James P. Mulhern, Ronald Levi, and Christopher E. Grymko were granted a patent for an "Anti-Tip System for a Power Wheelchair," U.S. Patent No. 8,408,598 ("the '598 patent"), by the PTO. (Compl. ¶ 15, Doc. No. 1).[1] Plaintiff has been assigned ownership of all right, title, and interest in and to the '598 patent, and has complied with federal marking and notice requirements. (Id. ¶¶ 15–16). Plaintiff alleges that Defendant, a direct competitor in the market to which Plaintiff's M300 and M400 chairs are directed, has not been granted an express or implied license under the '598 patent and has willfully infringed and continues to willfully infringe on its patent, thereby causing damage to Plaintiff's business. (Id. ¶¶ 17–20). Defendant denies these allegations. (See generally Def.'s Answer, Doc. No. 13).

On July 1, 2013, Defendant filed petitions for inter partes review by the PTO of both the '343 patent and the '598 patent. (Def.'s Mem. in Support of Mot. to Stay Litig. 3, Doc. No. 16).

---

[1] This patent is a continuation of U.S. Patent No. 8,181,992, which is the subject of a related matter before this Court, Civil No. 12-3931. (Pl.'s Resp. 2 n.1, Doc. No. 21; see also Continuity Data for this patent from the PTO's Public PAIR database, found at http://portal.uspto.gov/external/portal/pair, (choose "Patent Number" and enter "8408598," then click on the "Continuity Data" tab)).

In the instant motion, Defendant requests that this Court stay all proceedings pending the PTO's decisions on whether to grant Defendant's petitions for inter partes review of these two patents and, if the PTO grants Defendant's petitions, pending ultimate resolution of the inter partes review proceedings, including any appeals or expirations of time to appeal. (Def.'s Mot. 1, Doc. No. 16).

II.    Legal Analysis

"Courts have inherent power to manage their dockets and stay proceedings." Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (internal citations omitted). See also Cost Bros., Inc. v. Travelers Indem. Co., 760 F.2d 58, 60–61 (3d Cir. 1985) (noting that "the decision whether to grant a stay in this case is committed to the district court's discretion, since it is a matter of the court's inherent power to conserve judicial resources by controlling its own docket"). This authority "extends to patent cases in which a review by the PTO has been requested." Neste Oil Oyj v. Dynamic Fuels, LLC, No. 12-cv-1744, 2013 WL 3353984, at *1 (D. Del. July 2, 2013). In other words, the decision to stay litigation pending patent review falls within a district court's "broad discretionary powers." Gould v. Control Laser Corp., 705 F.2d 1340, 1341 (Fed. Cir. 1983).

District courts in the Third Circuit typically consider three factors when deciding whether to stay a patent suit pending PTO review: (1) whether a stay will unduly prejudice or present clear tactical disadvantage to the non-moving party, (2) whether a stay will simplify the issues in question and the trial of the case, and (3) whether discovery is complete and whether a trial date has been set. See, e.g., Neste Oil Oyj, 2013 WL 3353984, at *1, In re Laughlin Prods., Inc., 265 F. Supp. 2d 525, 530–31 (E.D. Pa. 2003); ICI Uniqema, Inc. v. Kobo Prods., Inc., No. 06-cv-

3

2943, 2009 WL 4034829, at *1 (D.N.J. Nov. 20, 2009). This Court finds this framework

analytically helpful and therefore uses it to guide our discretion in this matter.

> A.   A stay pending the PTO's decisions as to whether to grant Defendant's petitions
> for inter partes review of the '343 patent and the '598 patent and, if granted, the
> PTO's ultimate resolution of the inter partes review proceedings concerning these
> patents will not present Plaintiff with a clear tactical disadvantage or unduly
> prejudice Plaintiff.

At the outset, this Court notes that Plaintiff does not argue that the desired stay will

present it with a clear tactical disadvantage. (See generally Pl.'s Resp., Doc. No. 21). Rather,

Plaintiff argues only that it "deserves its day in court." (Id. at 2).

First, there is nothing inherently unfair about filing a request for inter partes review after

litigation has commenced, particularly when, as here, the request is made while the matter is still

in the early stages of litigation. Plaintiff will have ample opportunity to develop its case after the

review proceedings conclude. See In re Laughlin Prods., Inc., 265 F. Supp. 2d at 532 (granting

stay, noting that "this is not a case where the party seeking a stay delayed filing its reexamination

request with the PTO until the litigation had progressed well into discovery"). Second, as

Defendant notes, should the PTO grant the requests for inter partes review of the two patents,

Plaintiff will have an opportunity to participate fully in the inter partes review proceedings and

respond to Defendant's petitions with arguments in support of its patents. (Def.'s Mem. in

Support of Mot. to Stay Litig. 8, Doc. No. 16). See generally Office Patent Trial Practice Guide,

77 Fed. Reg. 48756 (Aug. 14, 2012). Therefore, there is no indication that Defendant seeks an

unfair tactical advantage in making the instant motion for a stay.

With respect to prejudice, although Plaintiff indicates in its response that it will suffer

prejudice "because [Defendant] will continue to unfairly compete with [Plaintiff] by taking

4

customers away," (Pl.'s Resp. 3, Doc. No. 21), Plaintiff does not specifically identify any undue

prejudice that it will suffer from the grant of a stay. As Defendant notes, the PTO must decide

whether to grant a petition for inter partes review within six months of the filing of the petition.

(Def.'s Mem. in Support of Mot. to Stay Litig. 8, Doc. No. 16). See also Office Patent Trial

Practice Guide, 77 Fed. Reg. at 48757. Therefore, since Defendant's petitions for inter partes

review were filed on July 1, 2013, the PTO must issue decisions regarding these petitions by

January 1, 2013. Should the PTO issue decisions granting Defendant's petitions for inter partes

review, a final written decision must be entered within one year from the date a trial is instituted,

unless good cause exists to permit an extension of no more than six months. Office

Patent Trial Practice Guide, 77 Fed. Reg. at 48768. Although this Court recognizes that a stay

pending full inter partes review may delay this matter for a significant period of time,[2] "mere

potential for delay . . . is insufficient to establish *undue* prejudice." Neste Oil Oyj, 2013 WL

3353984, at *2 (citations omitted) (emphasis in original).

     Further, this Court notes that, although Plaintiff's complaint alleges that the parties are

direct competitors, (Compl. ¶¶ 12, 19, Doc. No. 1), Plaintiff argues only that Defendant "will

continue to unfairly compete with [Plaintiff] by taking customers away, (Pl.'s Resp. 3, Doc. No.

21). Plaintiff does not specify any particular prejudice that would flow from a stay. Plaintiff has

also not sought a preliminary injunction in this matter. See Neste Oil Oyj, 2013 WL 3353984, at

*4 (noting that, "where the question of direct competition remains unanswered," a decision to

---

[2] If, as Plaintiff argues, "it is more likely than not that at least some of the claims of the
patents in suit . . . will escape review entirely," (Pl.'s Resp. 1, Doc. No. 21), there is even less
reason to believe that Plaintiff will suffer any undue prejudice or tactical disadvantage from the
granting of a stay pending the conclusion of the review proceedings

seek a stay may suggest direct competition and real prejudice resulting from a stay) (internal

quotation marks and citations omitted). Further, should its patents successfully emerge from the

inter partes review process, Plaintiff can be fully compensated by money damages.

      For all these reasons, this Court concludes that a stay will not unduly prejudice Plaintiff

or burden Plaintiff with a clear tactical disadvantage.

      B.    A stay may render this litigation unnecessary or permit amendment of Plaintiff's
              claims, should they survive the inter partes review process.

      As other courts have likewise concluded in similar circumstances involving both the inter

partes review and the inter partes reexamination processes, this Court believes that patent review

can simplify this litigation in at least two ways. First, the cancellation, amendment, or

clarification of Plaintiff's claims during the review process may render this litigation unnecessary

or permit any necessary amendment of Plaintiff's claims, should they survive the review process.

See ICI Uniqema, 2009 WL 4034829, at *2 (citing Ethicon, 849 F.2d at 1428). This is

particularly true in light of the fact that inter partes review may only be authorized if the

information presented in the petition "shows that there is a reasonable likelihood that the

petitioner would prevail with respect to at least one of the claims challenged in the petition,"

Office Patent Trial Practice Guide, 77 Fed. Reg. at 48765, which is a "stricter standard" than that

which previously governed the reexamination process, Neste Oil Oyj, 2013 WL 3353984, at *4

& n.5. Therefore, if the PTO grants Defendant's petitions for inter partes review of these patents,

it is reasonably likely that the PTO's ultimate determination will cancel, amend, or clarify at least

one of Plaintiff's claims. Second, even if Plaintiff's contested patent claim comes through the

review process unscathed, the PTO's expert opinion may still provide this Court with valuable

insight. See ICI Uniqema, 2009 WL 4034829, at *2 (citing Ethicon, 849 F.2d at 1428); see also

Gould, 705 F.2d at 1342 (noting that "[o]ne purpose of the reexamination procedure is to

eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by

providing the district court with the expert view of the PTO (when a claim survives the

reexamination proceeding)").

     In opposing the grant of a stay, Plaintiff argues (1) that there is a "high" likelihood that

the PTO will deny review of at least one of the patent claims in issue because the PTO recently

granted these claims and (2) that, because at least one claim is likely to be denied review,

permitting at least factual discovery to proceed during the review process would "position the

case for ultimate disposition sooner than if a full stay were entered now," since the scope of

discovery "will essentially be the same no matter whether one claim of one patent is asserted

against [Defendant] or all claims of both patents are asserted against [Defendant]." (Pl.'s Resp.

2–3, Doc. No. 21).

     First, despite Plaintiff's assertions that the PTO will likely deny review of at least one of

the patent claims in issue, neither the parties nor this Court can know at this time whether the

PTO will decide to grant review[3] and, if such review is granted, what the PTO's ultimate decision

will be. See In re Laughlin Prods., Inc., 265 F. Supp. 2d at 535. Further, even if the challenged

claims survive review, this Court may yet receive valuable insight from the PTO's expert

---

    [3] As Defendant notes, recent statistics may suggest that the PTO is likely to grant review since the PTO's process production report indicates that, in fiscal year 2013, of the 94 decisions reached by the PTO, trials were instituted in 86 cases and not instituted in only 8 cases. (Chauvet Decl. Ex. 3 at 143, Doc. No. 16-1). However, as the PTO must consider each petition on a case-by-case basis, this Court declines to guess as to whether the PTO will decide to grant review based solely on these statistics.

opinion. Therefore, Plaintiff's first argument is unpersuasive.

Because Plaintiff's second argument proceeds from the premise that the challenged claims are likely to survive review, this argument is also unpersuasive. As this Court cannot know, at this point in the proceedings, what the ultimate result of the review will be, this Court cannot conclude that permitting factual discovery to proceed during the review would not result in wasted effort. Similarly, this Court cannot conclude at this time that permitting factual discovery would position the case for ultimate disposition sooner since, if Plaintiff is incorrect and the review invalidates its claims, this litigation may become unnecessary and, therefore, may promptly be disposed of without the expense of factual discovery.

Although this Court cannot know at this time whether the PTO will decide to grant review, since any review proceeding(s) granted by the PTO may render this litigation unnecessary or necessitate amendment of Plaintiff's claims that survive review and this Court may receive valuable insight from the PTO's expert opinion, regardless of its ultimate determination, this factor weighs in favor of granting a stay pending the PTO's decisions as to whether to grant review and, if granted, pending completion of the review.

C.      This matter is in its early stages.

As noted supra, courts generally consider the stage of the proceedings, e.g., "whether discovery is complete and whether a trial date has been set," when deciding whether to stay a patent suit pending PTO review. In re Laughlin Prods., Inc., 265 F. Supp. 2d at 530–31. A stay is particularly appropriate in the infancy of a lawsuit, e.g., at the early stages of discovery. See Purolite Int'l, Ltd. v. Rohm & Haas Co., No. 91-cv-2740, 1992 WL 142018, at *3 (E.D. Pa. June 15, 1992) (granting stay pending reexamination, in part because the "case is presently in the

pretrial stage with discovery only having commenced several months ago. No trial date has been

set or even contemplated nor has a scheduling order been issued"); <u>Neste Oil Oyj</u>, 2013 WL

3353984, at *5 ("Staying a case in its early stages can be said to advance judicial efficiency and

maximize the likelihood that neither the Court nor the parties expend their assets addressing

invalid claims.") (internal quotation marks and citation omitted). This makes good sense, since

the simplification of issues early on should reduce the costs of discovery. <u>See</u> <u>Heraeus Electro-</u>

<u>Nite Co., LLC v. Vesuvius USA Corp.</u>, No. 09-cv-2417, 2010 WL 181375, at *2 (E.D. Pa. Jan.

11, 2010).

Here, discovery has not yet begun, and no trial date has been set. These facts heavily

favor staying this matter (1) until the PTO decides whether to grant Defendant's petitions for

inter partes review of the '343 patent and the '598 patent and, (2) if the PTO grants review, until

the PTO concludes its review of these patents.

III.    Conclusion

Courts may derive many advantages from staying a civil action pending PTO review of a

patent:

> (1) all prior art presented to the court at trial will have been first
> considered by the PTO with its particular expertise, (2) many
> discovery problems relating to the prior art can be alleviated, (3) if
> [the] patent is declared invalid, the suit will likely be dismissed, (4)
> the outcome of the [review] may encourage a settlement without
> further involvement of the court, (5) the record of the [review]
> would probably be entered at trial, reducing the complexity and the
> length of the litigation, (6) issues, defenses, and evidence will be
> more easily limited in pretrial conferences and (7) the cost will
> likely be reduced both for the parties and the court.

<u>Neste Oil Oyj</u>, 2013 WL 3353984, at *4 (citation omitted). Here, after balancing the costs and

benefits of staying this matter pending review of the patents-in-suit, the Court concludes that a stay is warranted. As such, Defendant's motion to stay litigation pending the PTO's decisions as to whether to grant Defendant's petitions for inter partes review of the '343 patent and the '598 patent and the PTO's ultimate resolution of the inter partes review proceedings concerning these patents (Doc. No. 16) is GRANTED. The Clerk of Court is directed to place this matter in civil suspense and mark it closed for statistical purposes.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.